UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs

JACK D. DAVIS, *individually & d/b/a*
D W DAVIS FUNERAL HOME,
SCIOTO COUNTY TREASURER,
STATE OFOHIO,
WILLIAM ZERICK,
CAROLYN S. COLEMAN, *and*
NATIONWIDE INSURANCE,

    Defendants.

Case No. 1:13-cv-695

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This civil action is before the Court on Plaintiff's motion for entry of default judgment against Defendants Jack D. Davis, individually and d/b/a D W Davis Funeral Home (hereinafter, "Jack D. Davis"), William Zerick, and Nationwide Insurance pursuant to Federal Rule of Civil Procedure 55(b)(2).

**I**. **Procedure History and Facts**

A delegate of the Secretary of the Treasury of the United States made assessments against Defendant Jack D. Davis for unpaid trust fund recovery penalties (26 U.S.C. § 6672), annual Form 940, quarterly Form 941, and a penalty imposed under 26 U.S.C. § 6721, for various tax periods from 1997 to 2005. As of September 23, 2013, the unpaid balance totaled $188,879.60. Notice of the tax assessments was given to, and demand for payment was duly made upon Jack D. Davis. Despite such notice of assessment and demand for payment, Defendant Jack D. Davis has failed,

neglected, or refused to fully pay the assessed liabilities, and there remains due and owing $188,879.60, plus statutory additions, including interest, that will accrue from and after September 23, 2013. *See* Declaration of IRS Technical Advisor Rebecca Sheeks.

The United States of America filed this action on September 27, 2013, against Jack D. Davis, individually and d/b/a D W Davis Funeral Home, Scioto County Treasurer, State of Ohio, William Zerick, Carolyn Coleman, and Nationwide Insurance. *See* (Doc. 1). Plaintiff's complaint asserts two claims for relief: (1) to reduce to judgment certain unpaid federal taxes, consisting of trust fund recovery penalties (26 U.S.C. § 6672), annual Form 940, quarterly Form 941, and a penalty imposed under 26 U.S.C. § 6721, owed by Defendant Jack D. Davis for various tax periods from 1997 to 2005; and (2) to enforce the federal tax liens associated with those debts against (a) a parcel of real property located at 65 Jackson Street, South Webster, OH (Parcel ID 021617000),and another parcel of real property located at 17 McDonald Street, South Webster, OH (Parcel ID 021616001). The complaint also named as defendants those parties that have or may claim an interest in the Properties, pursuant to 26 U.S.C. § 7403(b) – (1) Scioto County Treasurer, (2) State of Ohio, (3) William Zerick, (4) Carolyn Coleman, and (5) Nationwide Insurance – all of which have a potential interest in the Properties, in addition to Defendant Jack D. Davis.

The complaint seeks a determination that the United States has valid and subsisting federal tax liens on all property and rights to property of the defendant-taxpayer, including his interest in the Jackson Street Property and McDonald Street Property (hereinafter, the "Properties"), that such federal tax liens shall be enforced against the Properties, and that the Properties shall be sold, free and clear of all rights,

titles, claims, and interests of the parties to this action, with no right of redemption and with the proceeds of the sale to be distributed in accordance with the law. (Doc. 1).

On November 12, 2013, the State of Ohio filed an answer to the United States' complaint. *See* Dkt. No. 5. No other named defendant has answered the complaint or otherwise pled in this action. As such, on January 3, 2014, the United States filed a request for the clerk's entry of default against Defendants Jack D. Davis, William Zerick, Carolyn S. Coleman, and Nationwide Insurance. (*See* Doc. 12). Default was entered against Defendants Jack D. Davis, Carolyn Coleman, William Zerick, and Nationwide Insurance, on January 24, 2013 – and was amended on May 5, 2014. (Docs. 13, 21).

Thereafter, on May 1, 2014, the United States and Defendant State of Ohio entered into a stipulation and consent order with respect to their relative priorities in the Properties. (Docs.19, 22). On May 6, 2014, the United States and Defendant Carolyn S. Coleman entered into a stipulation with respect to their relative priorities in the Properties. (*See* Doc. 23).

In light of the foregoing, the Government contends that there are no issues of material fact remaining in this case and now seeks the Entry of Default Judgment (1) against Jack D. Davis in the amount of $188,879.60, plus interest and other additional amounts that have accrued after September 23, 2013, and will continue to accrue as provided by law, with respect to unpaid trust fund recovery penalties (26 U.S.C. § 6672), annual Form 940, quarterly Form 941, and a penalty imposed under 26 U.S.C. § 6721, for various tax periods from 1997 to 2005, and (2) enforcing the federal tax liens associated with those debts against the Properties, and finding that Jack D. Davis,

3

William Zerick, and Nationwide Insurance have no right, title, claim, lien, or interest in the Properties.

In support of their motion, the Government has submitted the affidavit of Rebecca Sheeks, a technical advisor in the Internal Revenue Service Advisory Unit in Louisville, KY. (Doc. 24, Sheeks Aff.). Ms. Sheeks affidavit outlines, by detailed chart, Defendant Davis' unpaid tax liabilities

**II. Analysis**

Rule 55(b) (1) provides:

> If the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

*Id.* In addition, Rule 55(b)(2) provides for entry of default judgment by the court upon application "[i]n all other cases," where additional investigation or hearing is required, such as where the claim is not for a sum certain, or where the defaulting party is a minor or incompetent person, or where the party against whom a default judgment is sought has appeared personally or by a representative.

The Government has requested judgment against Defendant Jack. D. Davis in the total sum of $188,879.60 (as of September 23, 2013, plus statutory additions, including interest, to accrue thereafter pursuant to 26 U.S.C. §§ 6601, 6621, and 6622) for unpaid trust fund recovery penalties (26 U.S.C. § 6672), annual Form 940, quarterly Form 941, and a penalty imposed under 26 U.S.C. § 6721, for various tax periods from 1997 to 2005. The affidavit submitted by Ms. Sheeks supports the claimed amount. The Government also seeks a declaratory judgment that it has valid and subsisting federal

tax liens on all property and rights to property of the described above, and that the relevant defendants have no right, title, claim, lien, or interest in the Properties;

The Court has reviewed the Government's request for default judgment and is satisfied of the following in accordance with Rule 55(b)(1) and (b)(2), Fed.R.Civ.P.: (1) that Plaintiff's claim is for a sum certain; (2) that the Defendant(s) is not a minor and is not incompetent; and (3) that Defendant(s) has not appeared personally or by counsel. Therefore, the Government's motion should be granted and a judgment should be entered against Defendant(s).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:** The Government's motion for default judgment (Doc. 24) be **GRANTED** and judgment be entered as follows:

(1) pursuant to 26 U.S.C. §§ 6321, 6322, and 6323, the United States has valid, subsisting, and enforceable tax liens (as set forth in paragraphs 9 and 11 of the Complaint) upon all property and rights to property belonging to Defendant Jack D. Davis;

(2) the United States is entitled to judgment against Defendant Jack D. Davis in the total sum $188,879.60 (as of September 23, 2013, plus statutory additions, including interest, to accrue thereafter pursuant to 26 U.S.C. §§ 6601, 6621, and 6622) for unpaid trust fund recovery penalties (26 U.S.C. § 6672), annual Form 940, quarterly Form 941, and a penalty imposed under 26 U.S.C. § 6721, for various tax periods from 1997 to 2005;

(3) the federal tax liens in favor of the United States have attached to the real property located at (1) 65 Jackson Street, South Webster, OH (Parcel ID 021617000)

and legally described in paragraph 14 of the Complaint, and (2) 17 McDonald Street, South Webster, OH (Parcel ID 021616001) and legally described in paragraph 16 of the Complaint (the "Properties");

(4) Defendants Jack D. Davis, William Zerick, and Nationwide Insurance have no right, title, claim, lien, or interest in the Properties;

(5) that the federal tax liens in favor of the United States upon the Properties are hereby enforced, and that the Properties shall be judicially sold pursuant to 26 U.S.C. § 7403 to enforce such liens, free and clear of all rights, titles, claims, and interests of the parties to this action, with the proceeds distributed as follows:

(A) First, to pay for the costs and expenses of sale, including local real estate taxes (to include any outstanding debt owed to Defendant Scioto County Treasurer), and compensation and expenses of a Receiver, if one is appointed;

(B) Second, to Plaintiff United States, Defendant State of Ohio, and Defendant Carolyn S. Coleman in accordance with their respective interests to be determined by a proposed order of sale that will be submitted to this Court at a later date; and

(C) Third, any remainder from the sale of the Properties to Defendant Jack D. Davis.

(6) a separate order of sale shall be submitted by the United States and an appropriate order of sale shall be signed and entered

        *s/ Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs

JACK D. DAVIS, *individually & d/b/a*
D W DAVIS FUNERAL HOME,
SCIOTO COUNTY TREASURER,
STATE OFOHIO,
WILLIAM ZERICK,
CAROLYN S. COLEMAN, *and*
NATIONWIDE INSURANCE,

    Defendants.

Case No. 1:13-cv-695

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).